968 So.2d 762 (2007)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES in the interest of L.B.
v.
L.B.
No. 07-CA-127.
Court of Appeal of Louisiana, Fifth Circuit.
September 25, 2007.
Ivan A. Orihuela, Kenner, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Luis Bonilla, the father of the minor child, LB[1], for whom the State of Louisiana, through the Department of Social Services, was seeking a child support order, appeals from the Juvenile Court ruling ordering him to pay child support. For the reasons which follow, we affirm.
A petition for child support was filed by the State of Louisiana through the Department of Social Services on January 21, 2005. Therein it was alleged that the Defendant was the father of a child, LB, born on February 28, 2003. It was further alleged that the mother of the child, Peggy Labra, was receiving services from the State. Support and health insurance coverage was requested from the Defendant for LB. The matter was set for hearing on September 26, 2005, but, following Hurricane Katrina, it was reset for March 6, 2006. The matter was reset again for April 3, 2006. At that time, the hearing officer collected information from the parties and recommended that the Defendant pay support in the amount of $357.00 per month, plus 5% for court costs, and arrears in the amount of $2,650.00. It was also determined that the Defendant should not receive a "second family credit" for an 11-month old child of his that is living in *764 his home. The recommendation was made the order of the Court when signed by the judge on that same date.
The Defendant disagreed with the juvenile court ruling and a disagreement hearing was held on April 10, 2006. At the hearing, the Defendant did not dispute the actual child support calculation, but argued against the State's position, adopted by the hearing officer and the juvenile court judge, that he is not entitled to a deviation from the child support guidelines or a credit for the expenses of his 11-month old child who resides with him because LB is the older child. The Defendant argued that La. R.S. 9:315.1 allows the court to consider the legal obligation of a party to support other dependents that live in his household, and to deviate from the guidelines accordingly. The Defendant further noted that the statute makes no reference to the age of the dependent, that is, whether the dependent was younger or older than the child seeking support.
The State again took the position that "the second family credit" should not be given in this case where the child living with the Defendant is younger than the child that is the subject of the hearing. The juvenile court judge agreed with the State and denied the Defendant's request that the court deviate from the guidelines upon considering the Defendant's legal obligation to his other child. It is from this ruling that the Defendant appeals.
On appeal, as he did in the court below, the Defendant does not disagree with the child support calculation, but strenuously disagrees with the juvenile court's refusal to consider a deviation from the guidelines as authorized by La. R.S. 9:315.1, for his legal obligation to support another dependent in his household solely because the child is younger than LB.
Use of the child support guidelines is mandatory and they are to be followed by the courts. La. R.S. 9:315.2. There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is the proper amount of child support. La. R.S. 9:315.1. The court may deviate from the guidelines where the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties. La. R.S. 9:315.1(B); Guillot v. Munn, 96-0620 (La.6/21/96), 676 So.2d 86. Subsection (C) of La. R.S. 9:315.1 contains an illustrative list of the reasons for which a court may deviate from the guidelines. Subsection (C)(2) allows the trial court to consider, in determining whether to deviate from the guidelines, the legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household. We find no restriction on this provision in the statute or jurisprudence limiting its application only to cases where the household dependent is older than the subject of the action before the court. However, application of the provision to a specific case is not mandatory, but rather, a matter of judicial discretion. An appellate court will not disturb a child support order unless there is a finding of abuse of discretion or manifest error. State, Dept. of Social Services ex rel D.F. v. L.T., 05-1965, p. 6 (La.7/6/06), 934 So.2d 687, 690.
Reviewing the record in this case, it is clear that the juvenile court judge was well within his discretion in refusing to deviate from the guidelines and reduce the Defendant's support obligation because he has another dependent living in his household. Defendant failed to establish that the amount of child support provided by the guidelines was not in the child's best interest or was inequitable to him. Therefore, we find no abuse of discretion in the juvenile court judge's decision to apply the guidelines without deviation.
*765 Accordingly, the decision of the juvenile court, finding insufficient cause to deviate from the child support guidelines in favor of the Defendant, and setting child support at $357.00 per month, plus 5% for court costs and arrears in the amount of $2,650.00 is affirmed.
AFFIRMED.
NOTES
[1] Pursuant to Rules 5-1 and 5-2 of the Uniform Rules-Courts of Appeal, the initials of the minor involved will be used to protect his identity.